IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT ) <br> EMPLOYEES, AFL-CIO, LOCAL 2109 ) <br> c/o Central Texas Veterans Health Care System ) <br> 1901 South First Street ) <br> Temple, Texas 76502 ) <br> (254) 541-8254 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT WILKIE ) <br> In his official capacity as Secretary of Veterans Affairs ) <br> U. S. Department of Veterans Affairs ) <br> 810 Vermont Avenue, N.W. ) <br> Washington, D.C. 20420 ) <br> (202) 273-5400 ) <br> ) <br> and ) <br> ) <br> U.S. DEPARTMENT OF VETERANS AFFAIRS ) <br> 810 Vermont Avenue, N.W. ) <br> Washington, D.C. 20420 ) <br> (202) 273-5400 ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. |

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF

INTRODUCTION

Plaintiff brings this action to challenge the issuance of a 38 U.S.C. § 7422 decision paper by the Secretary of the U. S. Department of Veterans Affairs ("VA"). The decision paper determined that an arbitrator's award sustaining the plaintiff's grievance against one of the VA's facilities was not subject to the collective bargaining grievance process. The arbitrator in his

award held that the VA facility failed to compensate Nurse Practitioners and Physician Assistants for overtime hours they worked for the benefit of the VA and retaliated against one of the employees because of her requests for overtime compensation. Plaintiffs seek a judgment declaring that the Department of Veterans Affairs decision paper was arbitrary and capricious because the arbitrator's award sought to enforce policies established by the agency and did not concern subject areas that are not subject to the collective bargaining process pursuant to 38 U.S.C. § 7422.

## I. JURISDICTION

1. This court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202; 38 U.S.C. § 7422(b) and (d); and 5 U.S.C. § 701 *et seq.*; *see AFGE Local 446 v. Nicholson*, 475 F.3d 341, 347-350 (D.C. Cir. 2007).

## II. VENUE

2. Venue lies in this court under 28 U.S.C. § 1391(e)(1) and (2).

## III. PARTIES

3. Plaintiff American Federation of Government Employees, AFL-CIO ("AFGE"), Local 2109 is a labor organization.

4. Plaintiff AFGE Local 2109 has been lawfully delegated authority to act as the exclusive labor organization representative under the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101 *et seq.* (the Labor Statute) for a bargaining unit that includes Nurse Practitioners and Physician Assistants employed at the VA's Central Texas Veterans Health Care System in Temple, Texas ("Facility").

5. Defendant Robert Wilkie is the Secretary of the Department of Veterans Affairs ("Secretary") and is being sued in his official capacity.

6. The U.S. Department of Veterans Affairs is a federal agency whose headquarters are located at 810 Vermont Avenue N.W., Washington, D.C. 20420.

## IV. FACTS

7. Under 5 U.S.C. § 7102, federal employees, including Nurse Practitioners and Physician Assistants employed by the VA, have the right "to form, join, or assist any labor organization."

8. The Facility promulgated Memorandum 05-013-07 entitled "Hours and Tours of Duty" ("Local Memorandum"). A true and accurate copy of the Local Memorandum is attached to this complaint as Exhibit 1.

9. The Local Memorandum provided in part "any work performed by a non-exempt employee (before or after the established shift hours or during the prescribed lunch periods) for the benefit of the VA whether requested or not constitutes hours of work if a manager knows or has reason to believe it is being performed. Therefore, if management does not intend for overtime work to be performed, it must assure that non-exempt employees work only during their scheduled tours of duty."

10. The Local Memorandum also provided in part "Employees who believe the provisions of the FLSA have been violated have the right to file a complaint through the Negotiated [sic] or grievance procedure, whichever is applicable."

11. VA Handbook 5003, "Position Classification, Job Grading, and Position Management," (April 15, 2002), ("VA Handbook 5003") Part I, Paragraph 17 provides that

the VA shall make a determination whether each employee should be classified as exempt or nonexempt from the Fair Labor Standards Act. A true and accurate copy of the April 15, 2002 version of VA Handbook 5003 is attached to this complaint as Exhibit 2.

12. VA Handbook 5003, Part I, Paragraph 17 provides that exemptions from the Fair Labor Standards Act must be narrowly construed and applied only to employees who are clearly within the terms and spirit of the exemption criteria.

13. VA Handbook 5003, Part I, Paragraph 17 provides that the burden of proof as to the exempt or non-exempt status of an employee vis-à-vis the Fair Labor Standards Act rests with the VA, rather than the employee.

14. On December 10, 2010, the VA issued Joint 38 U.S.C. § 7422 Workgroup Recommendations As Revised and Approved by the Secretary of the Department of Veterans Affairs ("Decision Document"). A true and accurate copy of the Decision Document is attached to this complaint as Exhibit 3. The Decision Document recognized certain limitations on the Secretary's use of 38 U.S.C. §7422 to exempt matters from the collective bargaining grievance procedure. The Decision Document provided that "[t]he VA's failure to follow its own regulations and policies is not excluded by §7422." The Decision Document further provided that "[n]ot following established VA policy regarding payment of compensation to which an employee is entitled is grievable, including appropriate remedy as determined by the Secretary."

15. These provisions in the Decision Document forbade the VA from relying on 38 U.S.C. § 7422 when a union was seeking to enforce VA policy through the grievance/arbitration procedure.

16. The Decision Document remained in effect until on or about August 17, 2018.

17. On March 12, 2010, Plaintiff AFGE Local 2109 filed a grievance alleging that the Facility failed to properly compensate bargaining unit employees for additional hours worked beyond their standard tour of duty.

18. An arbitration hearing was conducted on the grievance on October 19, 2010 before Arbitrator Ed W. Bankston. Arbitrator Bankston framed the issue as "whether the agency has violated the agreement with respect to non-payment of overtime to Title 38 employees? If so, what is the appropriate remedy?"

19. At the arbitration hearing, the Facility did not assert that the Nurse Practitioners and Physician Assistants in AFGE Local 2109 were exempt from the Fair Labor Standards Act (FLSA) based on the duties they performed.

20. On February 14, 2011, the arbitrator issued an arbitration award ("Award") sustaining plaintiff AFGE Local 2109's grievance. He concluded that the Facility failed to properly compensate Nurse Practitioners and Physician Assistants at the Facility for their additional work. A true and accurate copy of the February 14, 2011 Award is attached to this complaint as Exhibit 4.

21. In the Award, the arbitrator concluded that a memorandum of job expectations issued to Susan E. Johnston, a Nurse Practitioner in AFGE Local 2109, was an act of retaliation for Ms. Johnston's efforts to request overtime pay for additional hours worked. He ordered the memorandum of job expectations removed from her employment records.

22. On March 15, 2011, the Facility filed exceptions to the arbitrator's decision with the Federal Labor Relations Authority (FLRA).

23. The arbitrator issued a clarification of the Award dated March 29, 2011, ("Clarification"), which held that the statement "she needs to work further on her time

management skills" in a Proficiency Report for Susan E. Johnston for the time period from February 8, 2009 through February 9, 2010 should be purged from her employment records. A true and accurate copy of the March 29, 2011 Clarification is attached to this complaint as Exhibit 5.

24. In *Department of Veterans Affairs, Central Texas Veterans Health Care System, Temple Texas,* 66 FLRA 71 (August 31, 2011) the FLRA denied in part and dismissed in part the Facility's exceptions to the Award.

25. On January 20, 2012, plaintiff AFGE Local 2109 filed an Unfair Labor Practice charge ("ULP charge") with the FLRA which sought enforcement of the Award.

26. On February 8, 2012, the director of the Facility submitted a request for determination from then VA Secretary Eric K. Shinseki contending that the Award could not be enforced because the arbitrator's determination that FLSA applied to Title 38 employees involved issues arising out of "the establishment, determination, or adjustment of employee compensation" under 38 U.S.C. § 7422(b).

27. In its February 8, 2012 request the Facility contended that the Award could not be enforced because the arbitrator's order that the Facility remove the statement referencing Susan E. Johnston's time management skills from her proficiency report constituted a matter or question arising out of "professional conduct or competence" under 38 U.S.C. § 7422(b)(1).

28. In a decision dated March 1, 2013, an administrative law judge of the FLRA issued a decision in *Department of Veterans Affairs, Central Texas Veterans Health Care System*, Case No. DA-CA-12-0150, holding that the VA had committed an unfair labor practice by failing to comply with the Award.

29. The VA Secretary issued a "decision paper" ("Decision Paper") dated March 21, 2013, finding that the Award was non-grievable because it involved issues arising out of the establishment, determination, or adjustment of employee compensation under 38 U.S.C. § 7422(b)(3), and that the statement in Susan E. Johnston's proficiency report concerning her time management skills involved an issue or question of "professional conduct or competence" under 38 U.S.C. § 7422(b)(1). A true and accurate copy of the Decision Paper is attached to this complaint as Exhibit 6.

30. On February 19, 2014, the FLRA issued a decision in *Department of Veterans Affairs, Central Texas Veterans Health Care System*, 67 FLRA 269 (2014) holding that the FLRA lacked jurisdiction over the unfair labor practice involving the enforcement of the Award and remanding the case to the administrative law judge with instructions to vacate and dismiss the decision.

31. The administrative law judge issued an order dated February 21, 2014, in *Department of Veterans Affairs, Central Texas Veterans Health Care System*, Case No. DA-CA-12-0150 vacating and dismissing her March 1, 2013 decision.

32. Under 38 U.S.C. § 7422(d), a decision by the VA Secretary that "a matter or question concerns or arises out of (1) professional conduct or competence...is not itself subject to collective bargaining and may not be reviewed by any other agency."

33. Under 38 U.S.C. § 7422(c), the term "professional conduct or competence" is defined as "(1) direct patient care and/or (2) clinical competence."

34. Under 38 U.S.C. § 7422(d), a decision by the VA Secretary that "a matter or question concerns or arises out of...(3) the establishment, determination, or adjustment of

employee compensation under this title…is not itself subject to collective bargaining and may not be reviewed by any other agency."

35. Under 38 U.S.C. § 7422(d), the FLRA is without statutory authority to review or enforce the Award. Without a ruling from this court on the propriety of the Decision Paper (issued under the authority of 38 U.S.C. § 7422(d)), plaintiff AFGE Local 2109 will be unable to secure either relief or review of its afore-mentioned and future ULP charges, nor will plaintiff AFGE Local 2109 be able to secure enforcement of the Award.

36. There are no outstanding administrative procedures that can be exhausted to challenge the propriety of the Decision Paper.

## COUNT I

**Violation of the Administrative Procedure Act—5 U.S.C. 706(2)(C)**

37. Paragraphs 1 through 36 are hereby incorporated by reference.

38. The issue of whether Nurse Practitioners and Physician Assistants are entitled to overtime under FLSA does not concern "the establishment, determination, or adjustment of employee compensation under [Title 38]" within the meaning of 38 U.S.C. § 7422(b)(3) and (d)(3).

39. By issuing the Decision Paper that applies or even potentially applies the 38 U.S.C § 7422(b)(3) exclusion to a scenario that does not pertain to "the establishment, determination, or adjustment of employee compensation under [Title 38]" within the meaning of 38 U.S.C. § 7422(b), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

40. By the conduct set forth in paragraphs 1 through 36, the VA Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

## COUNT II

**Violation of the Administrative Procedure Act—5 U.S.C. 706(2)(A)**

41. Paragraphs 1 through 36 are hereby incorporated by reference.

42. The issue of whether Nurse Practitioners and Physician Assistants are entitled to overtime under FLSA does not concern "the establishment, determination, or adjustment of employee compensation under [Title 38]" within the meaning of 38 U.S.C. § 7422(b)(3) and (d)(3).

43. By issuing the Decision Paper that applies or even potentially applies the 38 U.S.C § 7422(b)(3) exclusion to a scenario that does not pertain to "the establishment, determination, or adjustment of employee compensation under [Title 38]" within the meaning of 38 U.S.C. § 7422(b), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

44. By issuing the Decision Paper which applies or even potentially applies the exclusion in 38 U.S.C. § 7422(b)(3) to a matter not involving "the establishment, determination, or adjustment of employee compensation under [Title 38]," the VA Secretary acted in a manner that is arbitrary and capricious, an abuse of discretion, and otherwise in violation of the law, all in violation of 5 U.S.C. § 706(2)(A).

## COUNT III

**Violation of the Administrative Procedure Act—5 U.S.C. 706(2)(C)**

45. Paragraphs 1 through 36 are hereby incorporated by reference.

46. The statement in Ms. Johnston's proficiency report regarding her time management skills does not concern "professional conduct or competence" within the meaning of 38 U.S.C. § 7422(b)(1) and (d)(1).

47. By issuing the Decision Paper that applies or even potentially applies the 38 U.S.C. § 7422(b)(1) exclusion to a scenario that does not pertain to a question of "professional conduct or competence" within the meaning of 38 U.S.C. § 7422(b) and (d), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

48. By the conduct set forth in paragraphs 1 through 36, the VA Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422 (d), and 5 U.S.C. § 706(2)(C).

## COUNT IV

**Violation of the Administrative Procedure Act—5 U.S.C. 706(2)(A)**

49. Paragraphs 1 through 36 are hereby incorporated by reference.

50. The statement in Ms. Johnston's proficiency report regarding her time management skills does not concern "professional conduct or competence" within the meaning of 38 U.S.C. § 7422(b)(1) and (d)(1).

51. By issuing the Decision Paper that applies or even potentially applies the 38 U.S.C. § 7422(b)(1) exclusion to a scenario that does not pertain to a question of

"professional conduct or competence" within the meaning of 38 U.S.C. § 7422(b) and (d), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

52. By applying or even potentially applying the "professional conduct or competence" exclusion in 38 U.S.C. § 7422(b)(1) to a scenario that does not concern "professional conduct or competence" within the meaning of 38 U.S.C. § 7422(b) and (d), the VA Secretary acted in a manner that is arbitrary and capricious, an abuse of discretion, and otherwise in violation of the law, all in violation of 5 U.S.C. § 706(2)(A).

## RELIEF

WHEREFORE, plaintiff AFGE Local 2109 respectfully requests that this honorable court enter judgment against the defendants and issue:

1) An order declaring that the Decision Paper was issued without legal authority and is an unlawful application of the cited statutory provisions;

2) A preliminary and permanent injunction enjoining the defendant VA Secretary from issuing any 38 U.S.C. § 7422(d) ruling that applies a 38 U.S.C. § 7422(b) exclusion to the Award, Clarification or ULP charge;

3) An order requiring the defendants to withdraw the Decision Paper, as well as any and all decisions applying 38 U.S.C. § 7422(b) exclusions to the Award, Clarification or ULP charge;

4) An order granting plaintiff AFGE Local 2109 reasonable attorney's fees and costs to be paid by the defendants; and

5) An order granting plaintiff AFGE Local 2109 such other and further relief as this court may deem proper and just.

Respectfully submitted,

/s/Judith Galat
JUDITH GALAT
(D.C. Bar #399962)*
Assistant General Counsel
American Federation of Government
 Employees, AFL-CIO
80 F Street, N.W.
Washington, D.C. 20001
(202) 639-6424
galatj@afge.org
*Lead Counsel


/s/ Andres M. Grajales
ANDRES M. GRAJALES
(D.C. Bar #476894)
Deputy General Counsel
grajaa@afge.orgl
American Federation of Government
 Employees, AFL-CIO
80 F Street, N.W.
Washington, D.C. 20001
(202) 639-6424

Attorneys for Plaintiff