UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, ALF-CIO, LOCAL 2109,<br><br>      Plaintiff,<br><br>  v.<br><br>ROBERT WILKIE,<br>Secretary of Veterans Affairs, *et al.*,<br><br>      Defendants. | Civil Action No. 19-cv-759 (TFH) |

**MEMORANDUM OPINION**

  This case began in March 2010, when Plaintiff American Federation of Government Employees, AFL-CIO, Local 2109, challenged the Central Texas Veterans Health Care System's failure to pay overtime to Physician Assistants and Nurse Practitioners and issuance of a memorandum to a Nurse Practitioner concerning her time management skills. After Plaintiff prevailed in arbitration and moved the Federal Labor Relations Authority to enforce the Arbitrator's award, the Secretary of the Department of Veterans Affairs issued a Decision Paper on March 21, 2013 determining that the two issues challenged by arbitration fell outside the scope of collective bargaining under 38 U.S.C. § 7422. As a result of the Secretary's Decision Paper, the Federal Labor Relations Authority denied Plaintiff's motion to enforce the arbitration. Plaintiff challenges the Secretary's authority and reasoning in the March 2013 Decision Paper under the Administrative Procedures Act. The parties have filed cross motions for summary judgment, which the Court will grant in part and deny in part.

1

## I. BACKGROUND

### A. Statutory Background

Title VII of the Civil Service Reform Act, known as the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101, *et seq.*, "govern[s] labor relations between federal agencies and their employees." *Bureau of Alcohol, Tobacco & Firearms v. Fed. Labor Relations Auth.*, 464 U.S. 89, 91 (1983). The Federal Service Labor-Management Relations Statute establishes the right of federal employees to organize, the collective bargaining rights that extend from that organization, and the avenues to resolve disputes between a union and agency. *See* 5 U.S.C. §§ 7102, 7114(a)(4), 7116(a)(5) and (b)(5).

Title 38, Section 7422 provides an exception to the applicability of the Federal Service Labor-Management Relations Statute's remedial scheme. Specifically,

> [C]ollective bargaining . . . in the case of [Title 38 employees] may not cover, or have any applicability to, any matter or question concerning or arising out of (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation under this title.

38 U.S.C. § 7422(b). The Department of Veterans Affairs employees specified under Title 38 include physicians, dentists, podiatrist, optometrists, registered nurses, physician assistants, expanded-duty dental auxiliaries, and chiropractors. *See* 38 U.S.C. § 7421(b). The Secretary of the Department of Veterans Affairs has the sole authority to determine that "a matter or question concerns or arises out of [] professional conduct or competence . . . [or] the establishment, determination or adjustment of employee compensation." 38 U.S.C. § 7422(d). Any such decision is reviewable by a federal district court under the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq*. *See also Am. Fed'n of Gov't Emps., Local 446 v. Nicholson*, 475 F.3d 341, 347-48 (D.C. Cir. 2007) (*Local 446*).

**B. Factual Background**

On March 12, 2020, Plaintiff filed a grievance against the Central Texas Veterans Health Care System (hereinafter, the Facility) alleging that hourly employees were "routinely working past the normal tour of duty without compensation for their work." Administrative Record (AR) [Dkt. 28] at 10.[1] The grievance was denied by the Facility and the case was submitted to an arbitrator who held a hearing on October 19, 2010. *See id*. at 16. The arbitrator found for Plaintiff and ordered the Facility to pay overtime to the aggrieved employees. *Id*. at 47-49. The arbitrator also ordered that a January 2010 Memorandum of Job Expectations issued to one of the Nurse Practitioners was issued in retaliation for her overtime request and ordered that the Facility should remove the statement from the Nurse Practitioners proficiency report that said she "needs to work further on her time management skills." *Id*. at 49, 111-12.

The Facility challenged the arbitrator's decision by filing exceptions to the arbitration award with the Federal Labor Relations Authority on March 15, 2011. *Id*. at 51-63. In its exceptions, the Facility argued that the nurse practitioners and physician assistants at issue in the grievance were Title 38 employees that are exempt from protections by the Federal Labor Relations Authority. On August 31, 2011, the Federal Labor Relations Authority rejected the Facility's exceptions because they had not been raised in arbitration. *Id*. at 113-18.

On January 20, 2012, Plaintiff moved to enforce the arbitration award by filing an unfair labor practice charge with the Federal Labor Relations Authority. *Id*. at 355. On February 8, 2012, the Facility made a request to the Secretary of the Department of Veterans Affairs to decide under § 7422 about whether the grievance was proper or exempt from collective

---

[1] All citations to the Administrative Record will reference the VA bates number, not the electronic case filing (ECF) page number.

bargaining.  *Id*. at 121-25.  Plaintiff was notified of this request on March 9, 2012 and submitted its response to the request on April 13, 2012.  *Id*. at 366-72.  The action before the Federal Labor Relations Authority was abated for a period of three months due to the pending request with the Secretary.  *Id*. at 411-12.  The Federal Labor Relations Authority upheld the arbitrator's award on March 1, 2013.  Pl.'s Mem. of P. &. A. in Supp. of Mot. for Summ. J. (Pl.'s Mem.) [Dkt. 17-1] at 9 (citing *Department of Veterans Affairs, Central Texas Veterans Health Care System and AFGE Local 2109*, 67 FLRA 269 (2014)).  On March 21, 2013, the Secretary issued its Title 38 Decision Paper and found that the issues in Plaintiff's grievance were exempt from collective bargaining.  AR at 1-9.

On March 19, 2019, Plaintiff filed this action under the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq*., challenging the Secretary's Decision Paper.  Compl. [Dkt. 1].  Both parties filed motions for summary judgment and the motions are ripe for review.[2]

## II.   LEGAL STANDARD

"Summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and consistent with the APA standard of review."  *Chiayu Chang v. USCIS*, 289 F. Supp. 3d 177, 182 (D.D.C. 2018).  When considering challenges to agency action under the APA, instead of applying Federal Rule of Civil Procedure 56(a)'s summary judgment standard, "the district judge sits as an appellate tribunal.  The 'entire case on review' is a question of law."  *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001).

---

[2] *See* Defs.' Mot. for Summ. J. [Dkt. 15]; Pl.'s Mot. for Summ. J. [Dkt. 17]; Pl.'s Mem.; Defs.' Mem. of P. & A. in Opp'n to Pl.'s Mot. for Summ. J. [Dkt. 23-1] Pl.'s Reply to Defs.' Opp'n to Pl.'s Mot. for Summ. J. [Dkt. 26]; Administrative Record [Dkt. 28].

When reviewing an agency's interpretation of its enabling statute and the laws it administers, courts are guided by "the principles of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 . . . (1984)." *Mount Royal Joint Venture v. Kempthorne*, 477 F.3d 745, 754 (D.C. Cir. 2007). *Chevron*'s Step One requires a court to determine "[i]f Congress has directly spoken to [an] issue, [if so,] that is the end of the matter." *Confederated Tribes of Grand Ronde Cmty. v. Jewell*, 830 F.3d 552, 558 (D.C. Cir. 2016) (discussing *Chevron*, 467 U.S. at 842-43). When Congress's intent is unambiguous, both the agency and the Court must honor that intent. *See Lubow v. Dep't of State*, 783 F.3d 877, 884 (D.C. Cir. 2015) (quoting *Chevron*, 467 U.S. at 842-43). *Chevron* Step Two applies when the text is silent or ambiguous. In that case, courts must "determine if the agency's interpretation is permissible, and if so, defer to it." *Confederated Tribes*, 830 F.3d at 558. A permissible interpretation need not be "the best interpretation, only a reasonable one." *Van Hollen, Jr. v. FEC*, 811 F.3d 486, 492 (D.C. Cir. 2016) (internal quotation marks omitted).

Even when an interpretation is reasonable under *Chevron*, "agency action is always subject to arbitrary and capricious review under the APA." *Confederated Tribes*, 830 F.3d at 559. The APA requires courts to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). An interpretation is arbitrary and capricious if the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a

difference in view or the product of agency expertise." *Agape Church, Inc. v. FCC*, 738 F.3d 397, 410 (D.C. Cir. 2013) (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43). A reviewing court must decide whether the agency action is "within the scope of [the agency's] lawful authority" and supported by "reasoned decisionmaking." *Tripoli Rocketry Ass'n v. ATF*, 437 F.3d 75, 77 (D.C. Cir. 2006) (internal quotation marks omitted).

### III. ANALYSIS[3]

The Court begins its analysis with *Chevron* Step One, "whether Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842. The D.C. Circuit directly addressed this question in *American Federation of Government Employees, ALF-CIO, Local 446 v. Nicholson*, 475 F.3d 341, 354-55 (D.C. Cir. 2007) (*Local 446*), and found that analysis of *Chevron* Step Two was warranted. Although the Circuit found there was no question that the Secretary was "authorized to decide disputes over the scope of a collective bargaining exclusion," *id*. at 354, to the extent there was any ambiguity over whether the Secretary had the authority to determine whether the specific grievance raised by the Union was exempt, the Circuit would defer to the Secretary's interpretation of § 7422 "if the interpretation is reasonable," *id*. at 355. In this case, there is ambiguity about whether or not Plaintiff's grievances clearly pertain to "professional conduct or competence" or "the establishment, determination, or adjustment of employee compensation." 38 U.S.C. § 7422(b). *See also Nat'l Fed'n of Fed. Emps., FD1, IAMAW, AFL-CIO v. McDonald*, 128 F. Supp. 3d 159, 166-68

---

[3] The Court has jurisdiction over this case because it arises under the laws of the United States, specifically the Administrative Procedures Act, 5 U.S.C. § 702, *et seq*., and Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101, *et seq*. *See* 28 U.S.C. § 1331. *See also Local 446*, 475 F.3d at 348-50 (holding that the district court had subject-matter jurisdiction under 28 U.S.C. § 1331 over a challenge to a § 7422 decision). Venue is proper in this District Court because the challenged actions took place in the District and the Defendants are located in the District. *See* 28 U.S.C. §§ 1391(b) and (e).

(D.D.C. 2015). Therefore, the Court will consider the reasonableness of the Secretary's interpretation under *Chevron* Step Two.

### A. Overtime Payments

Plaintiff argues that the Secretary erred in finding that the Fair Labor Standards Act (FLSA) did not apply to Title 38 employees for two reasons. First, the FLSA was not a "provision of title 5 or any other law *pertaining to* the civil service system," and, therefore, could modify Title 38. 38 U.S.C. § 7425(b) (emphasis added). To support the contention that the FLSA is not a law "pertaining to the civil service system," Plaintiff relies on two cases which do not support the contention. First, *American Federation of Government Employees, ALF-CIO, Local 3306 v. Federal Labor Relations Authority*, 2 F.3d 6, 10 (2d Cir. 1993), dealt with the scope of protections provided to Title 38 employees during Federal Labor Relations Authority review of peer review procedures. The Second Circuit noted in dicta that "the protections of various civil rights statutes have been extended to" Title 38 employees, and that civil rights statutes "are of considerably more general application than laws 'pertaining to the civil service system.'" *Id*. However, the caselaw cited by the Second Circuit to support the fact that civil rights statutes apply to Title 38 employees did not address the question. *See Henderson v. United States Veterans Admin.*, 790 F.2d 436, 439 (5th Cir. 1986) (finding that "[t]he exclusive remedy for claims of discrimination by federal employees is provided in 42 U.S.C. § 2000e–16(a)-(e)). Plaintiff also cites *Federal Air Marshals v. United States*, 74 Fed. Cl. 484, 487 (Ct. Cl. 2006), which held that the FLSA is not a "Federal personnel law," not that it is not a law that pertains to the civil service system.

The Secretary reasonably found, as the D.C. Circuit held in *Local 446*, that payment for "periods of overtime work . . . arises out of a matter or question of the establishment, determination, or adjustment of employee compensation under title 38." *Local 446*, 475 F.3d at

355. It was also reasonable for the Secretary to decide that the FLSA pertains to the civil service and is inconsistent with Veterans Affairs overtime provisions in § 7453.  The FLSA's requirement that employees receive overtime for hours that are "suffered and permitted" by the employer is inconsistent with the Department of Veterans Affairs' policy that Title 38 employees receive overtime when it is "ordered and approved."  *Compare* 29 U.S.C. § 203(g) ("suffered and permitted") *with* 38 U.S.C. § 7453(e)(1) ("ordered and approved").

Plaintiff argues in the alternative that, even if the FLSA does not apply, Title 38 employees are permitted to submit grievances alleging a facility is not following the Department of Veterans Affairs' own policies and regulations and the underlying grievance alleged that the Facility was not following the "Fair Labor Standards Act (FLSA) Coverage Determinations" section of the Veterans Affairs Handbook.  Pl.'s Mem. at 17.  The Secretary argues that because the Department of Veterans Affairs' policies identified by Plaintiff are merely explanations of how to apply the FLSA to non-exempt employees, a finding that it was reasonable for the Secretary to conclude Title 38 employees were exempt from the FLSA applies equally to exempt Title 38 employees from any internal agency policies implementing the FLSA.  The Court agrees.  Plaintiff's argument that the agency has failed to comply with its own policies is merely another attempt to require the application of the FLSA's overtime policy to Title 38 employees.

Therefore, the Secretary's decision that "overtime compensation for Nurses and Physician Assistants in the Temple VAMC Medical Service involve issues concerning or arising out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b)" was not unlawful.  AR at 9.

B.  Time Management Statement

Plaintiff argues that time management skills are not covered under the exception for issues related to "professional conduct or competence," because that exception is limited to

8

direct patient care or clinical competence. Pl.'s Mem. at 19. Section 7422(c) states that "for the purposes of this section, the term "professional conduct or competence" means any of the following: (1) Direct patient care. (2) Clinical competence." Plaintiff points to Judge Rudolph Contreras's decision in *National Federation of Federal Employees v. McDonald*, 128 F. Supp. 3d 159, 172 (D.D.C. 2015), where he hypothesizes that a broad understanding of "direct patient care" might allow the exception to swallow the rule. Judge Contreras explains that:

> In closing, however, the Court expresses its reservations about overly broad constructions of "direct patient care." The purpose of the Department of Veterans Affairs Labor Relations Improvement Act of 1991 was to provide VA healthcare professionals with collective bargaining rights. *See* 137 Cong. Rec. S4,542–44 (Apr. 17, 1991) (statement of Sen. Cranston). Against the backdrop of this general rule, the Act created certain exceptions, including one for "direct patient care." But because almost everything a nurse does touches on "direct patient care," construing that phrase to encompass even matters that are peripheral to that issue (or procedural proposals) risks allowing the exception to swallow the rule, thereby undermining the purpose of the statute itself. If any proposals touching on how nurses do their job would be excluded from collective bargaining, then what would be left for unions and the VA to bargain over?

*Id*. The Secretary responds that its decision was reasonable and consistent with prior § 7422 determinations regarding statements in an employee proficiency report.

In earlier § 7422 decisions the Under Secretary for Health[4] found that statements in a proficiency report regarding (1) "interpersonal relationships and customer service with co-workers and patient families," (2) "the employee's substantive proficiency rating," and (3) "insufficient documentation of patient visits, ineffective leadership, and strained relationships with hospital staff." AR at 8. The Secretary reasons from those earlier decisions and a 1992

---

[4] The Secretary has previously delegated the authority to make § 7422 decisions to the Under Secretary of Health. *See Am. Fed'n of Gov't Emps., AFL-CIO, Local 3669 v. Shinseki*, 821 F. Supp. 2d 337, 341 (D.D.C. 2011) (citing *Local 446*, 475 F.3d at 345).

decision that "the proficiency rating system is a vehicle for evaluation of a nurse's professional competence and conduct," *id*. at 9, that "substantive management statements within a proficiency report that evaluate or criticize a nurse's performance are precluded from the grievance procedure by application of § 7422." *Id*.

Plaintiff is not arguing, however, that the employee's proficiency rating is not a matter of professional conduct or competence, but that the statement about time management skills relates to neither direct patient care nor clinical competence, which is the definition of "professional conduct of competence." The Secretary's reasoning behind his finding that the statement in Ms. Johnston's proficiency report was exempt from challenge does not address whether "time management skills" involve either direct patient care or clinical competence. Instead, the Secretary merely relies on prior decisions about details contained in proficiency reports. The Secretary's decision fails to consider the key aspect of the issue and instead assumes that no aspect of a proficiency report may be grieved. *See Agape Church*, 738 F.3d at 410 (finding that an agency's action is arbitrary and capricious when the agency "failed to consider an important aspect of the problem"). Without clear reasoning about how issues of time management are related to direct patient care or clinical competence, the Secretary's decision is arbitrary and capricious and will be remanded.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment will be granted in part and denied in part and Plaintiff's motion for summary judgment will be granted in part and denied in part. A memorializing Order accompanies this Memorandum Opinion.

Date: October 9, 2020

_____
THOMAS F. HOGAN
United States District Judge